OPINION OF THE COURT
Per Curiam.
Order entered July 15, 2013, affirmed, with $10 costs.
Respondent-appellant failed to raise a triable issue with respect to her family member succession defense since her status as the niece of the deceased rent-stabilized tenant does not qualify her as a protected “family member” entitled to succession under the applicable regulatory scheme (see Rent Stabilization Code [RSC] [9 NYCRR] §§ 2520.6 [o] [1]; 2523.5 [b] [1]). Although appellant argues otherwise, the 1997 amendment of RSC § 2520.6 (o) brought about by the Rent Regulation Reform Act of 1997 (RRRA) (L 1997, ch 116)—deleting “niece” as a qualifying family member—is properly applied in the context of this 2012 holdover eviction proceeding (see and compare 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 56-57 [1997]). Appellant’s contrary contention is premised largely on the flawed premise that her succession claim accrued before the effective date of the regulatory amendment, upon the record tenant’s purported relocation to Florida in or about 1992. The record conclusively establishes, however, that following tenant’s claimed 1992 relocation, he continued to sign a series of renewal leases, the last of which by its terms ran through August 2012, and that rent checks were tendered to petitioner-landlord through *16 November 2012 from a joint checking account bearing tenant’s name. In these circumstances, tenant cannot be found to have permanently vacated the apartment at any time prior to his death in October 2010 (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012]), and thus appellant’s succession claim could not have accrued prior to the June 19, 1997 effective date of the RRRA (see generally 245 Realty Assoc. v Sussis, 243 AD2d 29, 32-34 [1998]). A contrary holding—one by which we were to refuse to apply the RRRA amendment to this eviction proceeding commenced more than 15 years after the amendment’s passage without a compelling reason to do so— would hardly promote the type of fair and orderly resolution of succession disputes sought to be achieved under the governing Code framework (see RSC [9 NYCRR] § 2523.5 [b] [1]; South Pierre Assoc. v Mankowitz, 17 Misc 3d 53, 54-55 [2007]), and instead would only reward appellant for her significant delay in asserting a succession claim.
We significantly note that appellant has eschewed any nontraditional family member succession claim, presenting no evidence tending to show that her relationship with the tenant was characterized by “emotional and financial commitment and interdependence” (see Rent Stabilization Code [9 NYCRR] § 2520.6 [o] [2]). Respondent’s remaining arguments, including those based on waiver and estoppel, are lacking in merit.
Lowe, III, EJ., Schoenfeld and Shulman, JJ., concur.