CBU Associates, Inc., Petitioner-Respondent, 
against
Francois Forray and Roxana Forray, Respondents-Appellants.



Respondents appeal from a final judgment and an amended final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered, respectively, on or about December 20, 2017 and April 9, 2018, after a nonjury trial, awarding possession to landlord in a holdover proceeding.




Per Curiam.
Amended final judgment (Jack Stoller, J.), entered on or about April 9, 2018, affirmed, without costs. Appeal from final judgment (Jack Stoller, J.), entered on or about December 20, 2017 dismissed, without costs, as superseded by the amended judgment.
Giving due deference to the trial court's findings of fact and credibility, we find no cause to disturb the court's ultimate determination denying respondents succession rights to the subject rent controlled apartment. Even accepting respondents' contention that their succession claim vested when a "nephew" legally qualified as a protected "family member" under the succession provisions of the rent control law (cf. New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d][3]; 525 W. End Corp. v Ringelheim, 43 Misc 3d 14 [App Term, 1st Dept 2014]), a fair interpretation of the evidence supports the trial court's finding that respondents "did not introduce any evidence at trial that [respondent Francois Forray] is the nephew of the prior tenant." Documents allegedly relevant to Francois' status as a nephew were proffered for first time in respondents' posttrial motion, were written in French and were not accompanied by the requisite translator's attestation (see CPLR 2101[b]). Therefore, even if these documents had been offered at trial, they were facially defective and inadmissible (see Gonzalez v Abreu, 162 AD3d 748, 749 [2018]).
Given respondents' failure to meet their affirmative obligation of establishing succession rights, we need not consider whether they otherwise waived their succession claim by engaging in a persistent and systematic pattern of deception to conceal their occupancy status. Nevertheless, we would be remiss if we did not note the extensive record support for the trial court's express finding that respondents engaged in a "decades-long campaign of deception ... misleading petitioner as to the whereabouts" of the statutory tenant. As detailed by the trial court, while the original tenant of record John Paddington and his wife Melanie Paddington died [*2]in 1967 and 1985, respectively, respondents paid rent in a joint checking account in the name of Francois and "J. Paddington" for many years "with the obvious effect of leading petitioner to believe that 'John Paddington' was still in the subject premises and paying the rent." Furthermore, in a prior nonpayment proceeding against John Paddington, Francois "appeared and falsely represented, by a stipulation that the court took judicial notice of at trial, that [the record tenant] was alive but not present at the time." When petitioner then commenced an illegal sublet proceeding against John Paddington, respondents revealed for the first time that John Paddington "had been dead for more than forty years at that point" (see Ludlow 65 Realty, LLC v Chin, 42 Misc 3d 126[A], 2013 NY Slip Op 52129[U] [App Term, 1st Dept 2013]). The creation of a landlord-tenant relationship, whether through succession or otherwise, should not be reduced to a matter of gamesmanship, seduction and artifice (see Chusid v Wright, 138 AD2d 291, 292 [1998], appeal dismissed 72 NY2d 948 [1988]; see also South Pierre Assoc. v Mankowitz, 17 Misc 3d 53 [App Term, 1st Dept 2007]). We have examined respondents' remaining contentions and find them lacking in merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 7, 2019